UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER,** <br> Plaintiff, <br><br> v. <br><br> **321 PROPERTIES, LLC, d/b/a PARKVIEW INN, d/b/a CLARION POINTE, NEEL PATEL, and SATISH PATEL,** <br> Defendants | CA No. _____ <br><br><br><br><br><br><br><br> **JURY DEMANDED** |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, **321 Properties, LLC, d/b/a Clarion Pointe Hotel, and d/b/a Parkview Inn ("321"), Satish Patel ("SP"), and Neel Patel ("NP") (collectively, "Defendants")** alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 & 1338 because it involves federal questions arising out of the Copyright Act. The Court has personal jurisdiction over the Defendants because they reside in this district. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography. He resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. SP is an individual who resides at 809 Kings Hills Blvd, Pigeon Forge, Tennessee 37863.

5. NP is an individual who resides at 120 Caton Road, Sevierville, Tennessee, 37862.

6. 321 is a limited liability corporation with its principal place of business located at 200 E Parkway, Gatlinburg, Tennessee 37738. Satish Patel is the Registered Agent for 321.

## INTRODUCTORY FACTS

7. Oppenheimer is a professional photographer.

8. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://performanceimpressions.com.

9. Oppenheimer is the author and owner of the copyright of an original aerial photograph entitled "*Clingmans_Dome_DSC1254.jpg*" (the "Work"). (**Exhibit 1**)

10. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work. On September 30, 2014, Oppenheimer completed the copyright registration (which included deposit of the Work) entitled "*Aerial and Aviation Photography from September 20 2014 by David*

*Oppenheimer*" with the U.S. Copyright Office, which approved the application with registration certificate No. VAu 1-186-507. (**Exhibit 2**)

11.     It is Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his published photographs. In this case, Oppenheimer published the Work on his website and prominently displayed the CMI in a facial watermark, in an adjacent caption, and in the Work's metadata.

12.     Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone acting at their direction and on their behalf, published the Work on Defendants' website without permission (**Exhibit 3**.)

13.     Upon information and belief, the Work was uploaded to Defendants' two (2) websites, theparkviewinn.com and clarionpointegatlinburg.com. Upon further information and belief, one or more of the Defendants, or someone working at their direction and on their behalf, located and accessed the Work through Oppenheimer's website, or through a Google image search. They then scraped and uploaded the Work on at least these URLs:

- https://theparkviewinn.com/;
- https://theparkviewinn.com/images/GSMNP1737X1160.jpg;
- https://clarionpointegatlinburg.com/;
- https://clarionpointegatlinburg.com/images/GSMNP1737X1160.jpg; *and*
- https://clarionpointegatlinburg.com/#about.

14.     Defendants' unauthorized copying, displaying, and publication of the Work constitutes copyright infringement.

15.     Oppenheimer's attorney sent Defendants notice of their infringement of the copyrighted Work and violation of the DMCA and requested information about the nature and extent of their infringing activities. (**Exhibit 4.**)

3

16. Thereafter, Plaintiff's attorney sent numerous communications attempting to negotiate a settlement. Despite these attempts, the parties were unable to resolve this matter and suit has therefore become necessary.

## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

17. Plaintiff re-alleges and incorporates paragraphs 1 – 16 as if fully restated herein.

18. Plaintiff owns the valid copyright of the Work.

19. Oppenheimer timely registered the Work with the Register of Copyrights pursuant to 17 US.C. § 411(a).

20. Oppenheimer is currently and at all relevant times has been the sole owner of all rights, title, and interest in and to the copyright of the Work.

21. At no time has Oppenheimer authorized Defendants to reproduce, distribute, prepare derivative works, or publicly display the Work or any portion thereof.

22. Defendants infringed Oppenheimer's copyright in and to the Work by copying, reproducing, distributing, publicly displaying and/or otherwise using, unauthorized copies of the Work within the United States in violation of 17 USC §101 *et seq*.

23. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace. Oppenheimer therefore is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT II – RECKLESS OR WILLFUL COPYRIGHT INFRINGEMENT

24. Oppenheimer re-alleges and incorporates paragraphs 1 - 16 as if fully restated herein.

25. Alternatively, Defendants recklessly or willfully infringed Oppenheimer's copyright in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publicly displaying and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

26. Because Oppenheimer's Work at issue in this case, when published, prominently displayed his CMI on its face with a watermark, embedded in the metadata of the Work, as well as in an adjacent caption, Defendants were on notice that the Work was copyright-protected, yet they infringed it anyway.

27. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

28. Oppenheimer re-alleges and incorporates paragraphs 1 - 16 hereinabove as if recited *verbatim*.

29. Pleading further but without waiver of the foregoing, upon information and belief, at the time the infringing acts were performed, SP and NP were the owners, managers, members, registered agents, and/or other genre of principals of Defendant 321.

30. Upon information and belief, SP and NP controlled most decisions of Defendant 321 and were the dominant influences in the company. SP and NP provided hands-on decision making with respect to the activities of Defendant 321 making most if not all of the decisions. SP and NP therefore had the right and ability to supervise and/or control the infringing conduct of Defendant 321, and/or to stop the infringements once they began.

31. Upon information and belief, SP and NP had obvious and direct financial interests in the infringing activities of Defendant 321

32. SP and NP are therefore vicariously liable for the infringing activities of Defendants 321

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

33. Oppenheimer re-alleges and incorporates paragraphs 1 – 16 as if fully restated herein.

34. Alternatively, upon information and belief, SP and NP have caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements and/or refusing to exercise their right and/or ability to stop the numerous infringing uses after they began.

35. On information and belief, SP and NP controlled nearly all decisions of Defendant 321 and were the dominant influences in the company. SP and NP provided hands-on decision making with respect to the activities of the company, set and controlled

the company's policies and protocols, and established company rules and cultures which appear to have allowed or even encouraged the infringing activities.

36. Upon information and belief, SP and NP had the right and ability to supervise and/or control the infringing conduct of Defendant 321, and/or to stop the infringements once they began, but either refused to exercise such rights, or chose to remain blind to the infringing activities, all while maintaining a work environment that allowed them.

37. Upon information and belief, SP and NP had obvious and direct financial interests in the infringing activities of Defendant 321.

38. SP and NP are therefore personally liable to Oppenheimer as contributory infringers to the infringing activities of 321.

## **RELIEF REQUESTED**

**WHEREFORE**, Oppenheimer respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. That Defendants, their agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyrights in any manner whatsoever and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendants provide an accounting of all gains, profits and advantages derived by them because of the willful and unlawful acts of copyright infringement described above;

C. That Defendants be ordered to pay over to Plaintiff his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not

considered in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. §504(b);

D. In the alternative, and at Plaintiff's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for the Work infringed pursuant to 17 U.S.C. §504(c), or such other amount as the jury may deem appropriate;

E. That Defendants be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505; *and*

F. For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Date: September 2, 2022                                  Respectfully submitted,

By:  */s/Dana A. LeJune*
Dana A. LeJune
Texas Bar No. 12188250
Scott M. Francis
TBN 24088795
1225 North Loop W., Ste. 825
Houston, Texas 77008
Ofc. 713.942.9898
Fax 713.942.9899
dlejune@triallawyers.net
scott@trialllawyers.net
COUNSEL FOR PLAINTIFF DAVID GORDON OPPENHEIMER